IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

       Plaintiff,

v.                                              1:24-cv-00990-JMR

EDNA LOUISE LOPEZ,
COMPA INDUSTRIES, INC. and
STRATIFY, LLC,

       Defendants.

## ORDER TO CURE DEFICIENCY AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed September 30, 2024, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed September 30, 2024 ("Short Form Application").

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using an "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)." Doc. 2. The Short Form Application, however, does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis.*

**Order to Show Cause**

The Court has identified several deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss claims based on those deficiencies. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).  If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Identifying Portions of Exhibits**

Plaintiff attached 21 pages of exhibits to the Complaint but did not mark the portions of the exhibits Plaintiff wishes to bring to the Court's attention as required by Local Rule of Civil Procedure 10.6.  *See* D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked").  All exhibits attached to the amended complaint must be properly marked.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants;" "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

**Statute of Limitations**

Plaintiff states he "worked intermittently for COMPA Industries Inc since 2003 and most recently from July 2019 to February 2021" and that he "invested his inheritance into Compa Industries Inc around 2001, to save his family's business and his mother's job."  Complaint at 1.

Plaintiff alleges Defendant Lopez "was the CEO/owner of Defendant Compa Industries Inc. since 1996" and worked with Defendant Stratify LLC.  Complaint at 2.  The Complaint contains allegations regarding Defendant Lopez' actions from 1986 to 2022.  *See* Complaint at 4-6.  It appears that Plaintiff's claims based on events occurring prior to September 2020 and September 2021 may be barred by the statutes of limitations.  *See* N.M.S.A. § 37-1-4 (claims founded on unwritten contracts and those brought for injuries to property, conversion of personal property and for relief upon the ground of fraud must be brought within four years); N.M.S.A. 37-1-8 ("Actions must be brought … for an injury to the person … within three years").

**Fraud, Conspiracy, and Battery Claims**

Plaintiff asserts a claim for fraud pursuant to N.M.S.A. § 30-16-6, for conspiracy pursuant to N.M.S.A. § 30-28-2, and for battery pursuant to N.M.S.A. § 30-3-4.  *See* Complaint at 3, 17–18.  The Complaint fails to state a claim upon which relief can be granted pursuant to N.M.S.A. §§ 30-16-6, 30-28-2 and 30-3-4 because N.M.S.A. §§ 30-16-6, 30-28-2 and 30-3-4 are criminal statutes.  "[C]riminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed. App'x. 414, 415–416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Conversion, Racketeering, Fraud and Civil Conspiracy Claims**

Plaintiff asserts claims for conversion, racketeering, fraud and civil conspiracy. Conversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property." *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 22.

"The elements of racketeering are: (1) Defendant was associated with an enterprise; (2) while associated with this enterprise, Defendant directly or indirectly conducted or participated in the conduct of the affairs of the enterprise by engaging in a pattern of racketeering activity." *New Mexico v. Armijo*, 1997-NMCA-080, ¶ 23 (citing N.M.S.A. §§ 30-42-3, -4); *New Mexico v. Rael*, 1999-NMCA-068, ¶ 10 ("factors to be considered in determining the existence of an enterprise include the identity of the individuals involved, their knowledge of the relevant activities, the amount of planning required to carry out the predicate acts, the frequency of the acts, the time span between each act, and the existence of an identifiable structure within the association or entity"); N.M.S.A. § 30-42-3(D) ("'pattern of racketeering activity means engaging in at least two incidents of racketeering with the intent of accomplishing any of the prohibited activities set forth in Subsections A through D of Section 30-42-4").

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation . . . Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart,* 2005-NMCA-061, ¶ 34; *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006)( "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof").

To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain*

*v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 28; *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means.").

The Complaint fails to state plausible claims for conversion, racketeering, fraud and civil conspiracy.

> A plausible claim includes facts from which we may reasonably infer Defendant's liability.  *Id.* at 1163.  Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible.  *Id.*  Allegations that are "'merely consistent with' a defendant's liability" stop short of that line.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).  Many of Plaintiff's allegations are vague or conclusory.  *See*, *for example*, Complaint at 8–10, 12, 15 (Lopez "failed to protect the plaintiff from further abuses and injuries from Jensenlopez;" "Lopez conspired with her Lawyer to give the Plaintiff an outdated, invalid Will from around 2011 to submit to the SBA -Small Business Administration, for the certification;" "Lopez also used her lawyer, Allegra Hanson, to bully the Plaintiff out of his contract;" "Lopez terminated the Plaintiff's employment in February 2021 under fraudulent pretenses;" "Lopez was complicit to the theft of this critical part of the Plaintiff's job;" Lopez "colluded" with others and "was instrumental" in racketeering and fraud schemes).  Vague and conclusory allegations are not sufficient to state a claim.  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Other allegations in the Complaint, such as those that state Defendant witnessed Plaintiff's work, failed to acquire a contract at Los Alamos, took Plaintiff's job, allowed another person to avoid internal audits and breached a contract, are not sufficient to state plausible claims for conversion, racketeering, fraud and civil conspiracy.

**Breach of Contract**

Plaintiff asserts two breach of contract claims against Defendant Lopez. *See* Complaint at 10–11. "In order to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages." *McLaughlin v. Santa Fe Community College*, 2023WL7018418, ¶ 11 (citing *Cent. Mkt., Ltd., Inc. v. Multi-Concept Hosp., LLC*, 2022-NMCA-021, ¶ 38).

Regarding the first breach of contract claim, Plaintiff alleges that Defendant "Edna Louisa Lopez wrote and signed a contract with the Plaintiff for a raise, a bonus, a promotion, and commissions upon completion of Compa Industries HUB Certification on December 14th, 2019." Complaint at 10. Plaintiff completed the HUB Zone certification in April 2020. *See* Complaint at 10. Plaintiff attached a copy of the handwritten contract, dated December 14, 20[illegible] and signed by Edna Lopez, which states in its entirety:

> Completion of Hub Zone
> Added $5000, for work related thru Hub zone work
> $75,000
> And percentage of 3% for additional work

Complaint at 21. The contract does not identify any parties to the handwritten contract other than Edna Lopez.

Regarding the second breach of contract claim, Plaintiff alleges:

> Edna Louisa Lopez promised to finish paying for the college student loans for the Plaintiff in a meeting with the HR Manager/VP Karen Monty in a negotiation meeting of the previous contract in May 2020. Edna Lopez already promised the

Plaintiff to pay for his college student loans upon graduation. The Plaintiff
graduated . . . in 2014. Edna Louisa Lopez paid less than half of student loans.

Complaint at 1011. Plaintiff did not attach a copy of the contract regarding payment of student

loans. *See* List of Exhibits, Complaint at 20.

The Complaint fails to state a claim for breach of contract regarding payment of Plaintiff's

student loans because there are not sufficient allegations showing a contractual obligation. *See*

*Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 14 ("The essential attributes of a contract

include an offer, an acceptance, consideration, and mutual assent").

**Intentional Infliction of Emotional Distress**

Plaintiff asserts a claim for "Battery/Infliction of Emotional Duress." Complaint at 16.

The elements of an intentional infliction of emotional distress ("IIED") claim are:

> (1) the conduct in question was extreme and outrageous; (2) the conduct of the
> defendant was intentional or in reckless disregard of the plaintiff's
> mental distress was extreme and severe; and (4) there is a causal connection
> between the defendant's conduct and the claimant's mental distress.

*Baldonado v. El Paso Natural Gas Co.*, 2008-NMCA-010, ¶ 23 (quoting *Trujillo v. N. Rio Arriba*

*Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 25).

Plaintiff alleges:

> 112. On his 22nd birthday, May 10th, 2022 while living with Edna Lopez at the
> time, Aisaak Lopez shot himself in the head by the Rio Grande bosque.

> 113. The Plaintiff traveled to Albuquerque, NM for the funeral of his nephew,
> who was also wrongfully terminated 8 months prior. (Exhibit A).

> 114. On May 16th, 2022, while sitting in Edna Lopez's back porch, she sucker-
> punched the Plaintiff from behind in front of his surviving brother, Aidan
> Lopez, without provocation. (Exhibit A).

Complaint at 16. The Complaint fails to state a claim for intentional infliction of emotional distress

because there are no allegations that Defendant's conduct was extreme and outrageous and caused

Plaintiff extreme and severe distress.  *See Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 25 ("The Restatement describes extreme and outrageous conduct as that which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'") (quoting Restatement (Second) of Torts § 46 cmt. D); ("Severe emotional distress means that 'a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances.'") (quoting *Jaynes v. Strong–Thorne Mortuary, Inc.,* 1998–NMSC–004, ¶ 20).

**Respondeat Superior**

Plaintiff asserts Defendants Compa Industries, Inc. and Stratify, LLC are vicariously liable because Defendant Lopez "was employed at Compa Industries, Inc as the CEO, Chief Executive Officer, and board member," "was employed and invested in Stratify LLC," and committed fraud, conversion, conspiracy, breach of contract and racketeering in her official capacity.  Complaint at 17–18.

> "Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment."  *Ocana v. Am. Furniture Co.,* 2004–NMSC–018, ¶ 29, 135 N.M. 539, 91 P.3d 58. The act of an employee is within the scope of employment if
>
> > 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> >
> > 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.
>
> UJI 13–407 NMRA. "[A]n employer is not generally liable for an employee's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment." *Ocana,* 2004–NMSC–018, ¶ 29, 135 N.M. 539, 91 P.3d 58.

*Spurlock v. Townes*, 2016-NMSC-014, ¶ 13.  The Complaint fails to state many of the claims Plaintiff asserts against Defendant Lopez.  Consequently, the Complaint fails to show Defendant Compa Industries, Inc. and Defendant Stratify, LLC are vicariously liable for those claims.

**Notice Regarding Compliance with Orders and Rules**

Plaintiff filed a complaint in a previous case involving the same facts and Defendants in this case.  *See Lopez v. COMPA Industries, Inc.*, No. 1:23-cv-00303-JB-LF ("*Lopez I*").  In addition to the original complaint and the two amended complaints ordered by the Court, Plaintiff filed nine other amended complaints in *Lopez I* without complying with Rule 15 of the Federal Rules of Civil Procedure which governs amendment of pleadings.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court.").

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application or failure to follow all instructions in the Long Form

Application may result in may result in denial of the motion to proceed *in forma pauperis*.

(ii)    Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss his claims for the reasons stated above; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

UNITED STATES MAGISTRATE JUDGE