IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

      Plaintiff,

v.                                                                           No. 1:24-cv-00990-KG-JMR

EDNA LOUISA LOPEZ,
COMPA INDUSTRIES INC. and
STRATIFY LLC,

      Defendants.

## ORDER DENYING MOTION FOR REASSIGNMENT
## AND ORDER DENYING MOTION FOR JUDICIAL NOTICE

*Pro se* Plaintiff filed a motion to proceed *in forma pauperis* using an "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)." Doc. 2, filed September 30, 2024. United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff that the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees and ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See* Order to Cure Deficiency, Doc. 6, filed October 23, 2024; Order, Doc. 8, filed November 19, 2024 (granting extension of time). Plaintiff did not file a Long Form Application by the December 3, 2024, deadline. Judge Rozzoni ordered Plaintiff a second time to file a Long Form Application. *See* Second Order to Cure Deficiency, Doc. 12, filed January 21, 2025. Plaintiff did not file a Long Form Application by the February 11, 2025, deadline.

Plaintiff filed a motion stating he finds the orders for a Long Form Application to be unconstitutional, that he "was already granted IFP status in another case using the Short Form" and the Short Form Application he filed "clearly shows" his impoverished status. Motion to Show

Cause for IFP Long Form at 1-2, Doc. 13, filed February 11, 2025. Judge Rozzoni construed Plaintiff's Motion as seeking clarification because Plaintiff asked the Court "to identify and cite the pertinent Article of the Constitution where a Long Form IFP form is necessary." Judge Rozzoni explained:

> There are no provisions in the Constitution regarding the Long Form Application. Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).
>
>> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]
>
> *Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).
>
> The Court generally requires plaintiffs to file a Long Form Application because the Short Form Application does not provide information regarding a spouse's resources. The Long Form Application expressly prompts the plaintiff to provide information regarding their spouse's income, money in cash and bank accounts, assets and monthly expenses. Whether a plaintiff has access to a spouse's resources will affect a plaintiff's ability to prepay the fees. *See Crownhart v. Walmart*, 2022 WL 816985 *1 (10th Cir.) (affirming district court's denial of application where district court found that plaintiff could afford to pay the required fees based on the combined income of plaintiff and her spouse). *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (stating "the magistrate judge was entitled to consider what access [plaintiff] had to other assets").

Order Granting Motion for Clarification at 2-3, filed March 18, 2025 (footnote 1 states: "The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee"). Judge Rozzoni granted Plaintiff a 21-day

extension to file the Long Form Application. Plaintiff did not file a Long Form Application. Instead, Plaintiff filed the Motion now before the Court seeking an order reassigning this case to an Article III Judge, granting him *in forma pauperis* status, for service on the Defendants, and for an expedited hearing and expedited trial. *See* Motion for Reassignment, In Forma Pauperis, Summons, Service, Expedited Hearing, Trial, Doc. 15, filed April 7, 2025 ("Motion for Reassignment")

**Motion for Reassignment**

Plaintiff previously stated: "On 9/26/24, the Plaintiff submitted the form to REFUSE a Magistrate Judge – in pursuit of his Constitutionally protected Right to an Article III Judge. This form was ignored and justice is now being delayed, impeded, and currently denied." Motion for Clarification at 1 (emphasis in original). Judge Rozzoni notified Plaintiff:

> The Court has not ignored Plaintiff's form refusing to consent to proceed before a Magistrate Judge. The "Consent to Proceed / Refusal to Consent to Proceed before a United States Magistrate Judge" form clearly indicates it seeks consent/refusal to a United States Magistrate Judge "to conduct dispositive proceedings in this case" in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. Doc. 3, filed September 30, 2024. Section 636(c) and Rule 73(b) allow a Magistrate Judge to conduct all proceedings in a civil action if all parties consent. Plaintiff filed his consent/refusal form prematurely because this case has not been assigned to a Magistrate Judge pursuant to Section 636(c) and Rule 73(b). Plaintiff may refuse to consent to the Magistrate Judge assigned to preside over this action which will result in an Article III Judge being assigned to this case. The undersigned was assigned to this case to conduct non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 73(a) of the Federal Rules of Civil Procedure. Section 636(b)(1)(A) and Rule 73(a) do not require a party's consent to a Magistrate Judge conducting non-dispositive pretrial matters.

Order Granting Motion for Clarification at 4.

Plaintiff argues that Judge Rozzoni's Order to file a Long Form Application "is unjust, Unconstitutional and an erosion of my natural rights to impose unjust law," that Judge Rozzoni "is required to recuse herself and step down from my case for her failure to uphold her oath, duties,

3

and obligations to protect my God given rights," and seeks reassignment of this case to an Article III Judge. *See* Motion for Reassignment at 2-3.

The Court denies Plaintiff's Motion for Reassignment to an Article III Judge as moot. The undersigned, who is an Article III Judge, has been assigned to this case due to Plaintiff's refusal to comply with Judge Rozzoni's Orders. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Judge Rozzoni's Order to file a Long Form Application is not clearly erroneous or contrary to law. Section 1915 requires that the Court consider the resources available to Plaintiff and case law shows that the Court may consider a spouse's income. Judge Rozzoni did not deny Plaintiff's Short Form Application; she merely directed Plaintiff to file a Long Form Application which would allow the Court to determine whether Plaintiff has access to resources which would make her able to pay the filing fee.

Plaintiff's assertion that Judge Rozzoni should recuse herself is without merit. Judge Rozzoni remains assigned to this case to hear and decide non-dispositive pretrial matters pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

**Motion for *In Forma Pauperis* Status**

Plaintiff asks the Court to grant him *in forma pauperis* status based on his Short Form Application because:

> I was already granted IFP status in another case using the Short Form that was filed on the same day by another magistrate Judge: 1:24-cv-00984, with the same status. The short form clearly shows, *prima facie*, the Pro Se Plaintiff's impoverished status that I can not afford the filing fees and am indeed, *In Forma Pauperis*.

Motion for Reassignment at 1.

4

The Court denies Plaintiff's motion to grant his Short Form Application. Orders in other District Court cases are not binding on the Judges in this case.

The Court orders Plaintiff to either file a Long Form Application or pay the $405.00 fee for instituting a civil action.

> If Plaintiff has a spouse, the Long Form Application must include the spouse's income and expenses; Plaintiff must include an explanation if he does not have access to his spouse's resources. If Plaintiff does not have a spouse, he must indicate so on the Long Form Application. Plaintiff previously indicated he is "looking for new work." *See* Doc. 7, filed November 17, 2024. The Long Form Application must reflect Plaintiff's current income. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) ("[A] person's financial fortunes can change dramatically in a short period of time . . . an application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status.")

Order Granting Motion for Clarification at 3. Failure to timely file a Long Form Application or pay the fee will result in dismissal of this case.

**Motion for Issuance of Summonses, Service on Defendants and Expedited Hearing and Trial**

Plaintiff asks the Court to: (i) issue summonses; (ii) serve to Defendants; and (iii) expedite a hearing and trial on this matter. *See* Motion for Reassignment at 3. Section 1915 provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d).

The Court denies Plaintiff's Motion for issuance of summonses, service on Defendants and expedited hearing and trial. The Court is denying Plaintiff's Short Form Application to proceed *in forma pauperis*. Consequently, Plaintiff is not presently proceeding *in forma pauperis* pursuant to Section 1915. The Court will serve Defendants if the Court grants Plaintiff's Long Form Application.

**Order Denying Motion for Judicial Notice**

5

Plaintiff's Motion for Judicial Notice sets forth many of the factual assertions regarding Judge Rozzoni's actions that Plaintiff asserted to support his Motion for Reassignment, which the Court has addressed above, and asks the Court to take judicial notice of those factual assertions. *See* Motion for Judicial Notice to Support Motion for Reassignment, Summons, Service, Expedited Hearing, and Trial, Doc. 16, filed April 7, 2025 ("Motion for Judicial Notice").

> A court must take judicial notice of certain facts if a party requests it do so and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). Facts subject to judicial notice are those "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although not required to do so, a court "is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (quotation omitted). However, such documents "may only be considered to show their contents, not to prove the truth of the matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quotation omitted).

*Morgan v. Baker Hughes Inc.*, 775 Fed.Appx. 850, 857-858 (10th Cir. 2018).

The Court denies Plaintiff's Motion for Judicial Notice. Several of the factual assertions are subject to reasonable dispute because they cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. For example, Plaintiff asserts Judge Rozzoni's Order to file a Long Form Application "is unjust, Unconstitutional and an erosion of my natural rights to impose unjust laws." Motion for Judicial Notice at 2. Plaintiff also asserts: (i) he "feels that he is being discriminated against because of his *Pro se/Sui Juris*, impoverished, and of non-BAR associated status;" (ii) Judge Rozzoni "breached her oath to uphold the Constitution of the United States;" and (iii) Judge Rozzoni is "imposing herself without jurisdiction into my case." Motion for Judicial Notice at 2. Plaintiff's assertions that Judge Rozzoni's Order is unjust and unconstitutional and that Judge Rozzoni discriminated against Plaintiff, breached her oath and acted without jurisdiction are not the kinds of facts that may be judicially noticed.

**Notice**

The undersigned notifies Plaintiff, as Judge Rozzoni did, that Plaintiff has a responsibility for becoming familiar with and complying with the Federal and Local Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

The undersigned also notifies Plaintiff, as Judge Rozzoni did, that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. If Plaintiff continues to not comply with Court Orders and the Federal and Local Rules of Civil Procedure after having been notified of his obligation to comply, then such failure to comply will indicate Plaintiff is either unwilling or unable to comply. *See* Fed. R. Civ. P. 11(b) (by filing documents with the Court, attorneys and *pro se* parties certify that the documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). If Plaintiff is unwilling or unable to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court must issue orders to ensure

the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Reassignment, In Forma Pauperis, Summons, Service, Expedited Hearing, Trial, Doc. 15, filed April 7, 2025, is **DENIED.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed September 30, 2024, is **DENIED.**

(iii) Plaintiff shall, within 21 days of entry of this Order, either: (a) file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form); or (b) pay the $405.00 fee for instituting a civil action.  Failure to timely file a Long Form Application or pay the fee will result in dismissal of this case.

(iv) Plaintiff's Motion for Judicial Notice to Support Motion for Reassignment, Summons, Service, Expedited Hearing, and Trial, Doc. 16, filed April 7, 2025, is **DENIED.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.